IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

GEORGE J. KELLER, )
 )
    Plaintiff, )
 )
v. ) Case No. 3:12-cv-00116
 )
ROBERTSON COUNTY DETENTION FACILITY ) Judge Campbell
and SOUTHERN HEALTH PARTNERS, )
 )
    Defendants. )

## MEMORANDUM OPINION

Plaintiff George J. Keller, who is presently incarcerated at the Robertson County Detention Facility ("RCDF"),[1] has filed a *pro se* complaint asserting claims under 42 U.S.C. § 1983 alleging that the defendants, RCDF and Southern Health Partners, were deliberately indifferent to his serious medical needs by denying him appropriate treatment (ECF No. 1). The Court has granted the plaintiff's Application to Proceed *in Forma Pauperis*.

Under the Prison Litigation Reform Act ("PLRA"), this Court is required to conduct an initial screening of a prisoner's civil complaint if, as in this case, it is filed *in forma pauperis* or if it seeks redress from a governmental entity or official. 28 U.S.C. §§ 1915(e)(2), 1915A. After the initial screening, the Court must, based on the Sixth Circuit's interpretation of the PLRA, dismiss the complaint *sua sponte*, before service on any defendant, if it is determined to be frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief from a defendant immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). The Court must construe a *pro se* plaintiff's complaint liberally, *Boag v. McDougall*, 454 U.S. 364, 365 (1982), and accept the plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). As explained herein, the Court finds that even under the liberal standard for reviewing a *pro se* plaintiff's complaint, the complaint fails to state a colorable claim against the named defendants and must therefore be dismissed.

---

[1] It is unclear whether the plaintiff is a pretrial detainee or has been convicted of a crime but is being held at a county detention center under contract with the Tennessee Department of Corrections.

**I.  ALLEGATIONS IN THE COMPLAINT**

The plaintiff here names as defendants only the RCDF and Southern Health Partners in their "official capacity." (ECF No. 1, at 4.) The Court presumes that Southern Health Partners is the business entity contracted to provide medical care for inmates detained at RCDF.

The plaintiff alleges that he was diagnosed in 2006 as having a slipped disc. He states that in September 2011, he began experiencing new symptoms he believes are related to a recurrence of the same problem. He complained about the symptoms to "medical" but, although he complained numerous times through the end of 2011, he repeatedly "got the run around." (ECF No. 1, at 5.) On January 3, 2012, he began experiencing swelling and redness in his right hand which he believes is associated with a pinched nerve in his neck. He has repeatedly requested to see the doctor on duty for this problem, but has instead only been allowed to see a nurse, LPN J. Russell. Nurse Russell told the plaintiff she had reported the plaintiff's symptoms to the doctor, who told the nurse he thinks the plaintiff is merely suffering from arthritis and should continue taking already-prescribed anti-inflammatory medications. The plaintiff insists that he should receive attention from a medical doctor and undergo an actual assessment (examination and/or testing through x-ray or MRI or otherwise) to determine whether he in fact has a slipped disc and needs further treatment. He alleges that he has been in severe pain and complaining for four months, all to no avail.

The plaintiff seeks compensatory damages and injunctive relief in the form of adequate medical treatment.

**II.  DISCUSSION**

    **A.  The Plaintiff Fails to State a Claim under § 1983**

To bring a successful claim under 42 U.S.C. § 1983, a plaintiff must establish "that (1) a person, (2) acting under color of state law, (3) deprived the plaintiff of a federal right." *Berger v. City of Mayfield Heights*, 265 F.3d 399, 405 (6th Cir. 2001). For purposes of the PLRA screening requirement, the plaintiff here has adequately alleged facts that indicate a possible deprivation of his rights under the Eighth or Fourteenth Amendment (depending on whether he is a convicted prisoner or a pretrial detainee) based on deliberate indifference to a serious medical need to receive adequate medical treatment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (holding that "deliberate indifference to serious medical needs of prisoners constitutes

the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment"); *Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005) ("Although the Eighth Amendment's protections apply specifically to post-conviction inmates, the Due Process Clause of the Fourteenth Amendment operates to guarantee those same protections to pretrial detainees as well." (citations omitted)).

Since the plaintiff adequately alleges a deprivation of a federal right, at least for purposes of the initial screening of a *pro se* prisoner's complaint, the operative question is whether he has adequately alleged that a "person" "acting under color of state law" was responsible for the alleged violations of that right. As indicated above, the only defendants are the RCDF and Southern Health Partners, both in their official capacity. The plaintiff has not named as defendants the individual doctors or prison officials (if any) who took an active part in denying him medical care.

As an initial matter, it is clear that Southern Health Partners, a private business entity, may be deemed to be a person acting under color of state law for purposes of § 1983 where, as here, it is alleged to perform a traditional state function, in this case the function of providing medical care to prisoners. *Thomas v. Coble*, 55 F. App'x 748, 748 (6th Cir. 2003) (citing *Street v. Corrections Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)). However, the fact that Southern Health Partners was named in its "official capacity" only adds another wrinkle to the fabric. Generally speaking, when *individuals* are sued in their official capacity, that means that the plaintiff seeks damages from the entity for which the officer is an agent, and "an official capacity suit is, in all respects other than named, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). As the Sixth Circuit has noted, "there is caselaw suggesting that a lawsuit against an officer in his official capacity and against the governmental entity, such as a city, are functionally the same and should therefore be subjected to the same analysis." *Cady v. Arenac Cnty.*, 574 F.3d 334, 342 (6th Cir. 2009). Thus, it appears a claim against Southern Health Partners in its official capacity should be treated as tantamount to a claim against Robertson County, the entity of which Southern Health Partners is apparently an agent. Likewise, the claim against RCDF in its official capacity can only be considered as a claim against the county itself.

But whether the complaint is construed to assert individual- or official-capacity claims, it is clear that neither a municipality nor the agencies through which it acts can be held liable *solely* because they employ

tortfeasors—or, in other words, neither a municipality nor a private company can be held liable under § 1983 on a *respondeat superior*[2] theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). Rather, "the touchstone of the § 1983 action against a government body is an allegation that official policy is responsible for the deprivation of rights protected by the Constitution." *Monell*, 436 U.S. at 690. "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479–80 (1986) (emphasis in original)). In short, "liability under § 1983 must be based on active unconstitutional behavior." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). An employer's "awareness of allegations of unconstitutional conduct and failure to act are not a basis for liability." *McCurtis v. Wood*, 76 F. App'x 632, 634 (6th Cir. 2003).

Thus, the county cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a county policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cnty.*, 989 F.2d 885, 889 (6th Cir. 1993). The Sixth Circuit has held that to establish the requisite causal link, the plaintiff must "identify the policy, connect the policy to the [county] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363–64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312 (1981) (citation omitted)); *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997) (indicating that the plaintiff must demonstrate "deliberate conduct").

In the present complaint, the plaintiff does not allege the existence of any type of policy, practice or custom—on the part of RCDF, Southern Health Partners, or Robertson County itself—that caused the alleged

---

[2] *"Respondeat superior"* is defined as the doctrine under which liability is imposed upon an employer for injuries to others caused by the acts of his employees committed in the course and scope of their employment. *Black's Law Dictionary* (abridged 6th ed. 1991).

deliberate indifference to his serious medical needs. He does not allege that Robertson County, the Detention Center, or Southern Health Partners as an entity was aware of or condoned any actions taken by individual corrections officers or medical practitioners. Again, the plaintiff has not named as defendants the individuals responsible for the alleged violations of his rights. Because the plaintiff has not alleged the existence of a policy, practice or custom that gave rise to his claims, he has failed to state a claim against the named defendants under § 1983 for which relief may be granted. Further, although the plaintiff adequately alleges the possible deprivation of a federal right, he has not named as a defendant the "person(s)" "acting under color of state law" who might have been responsible for the alleged violations of that right.

### B. Dismissal of the Complaint Is Required under Sixth Circuit Precedent.

Under ordinary circumstances, Rule 15 of the Federal Rules of Civil Procedure authorizes a plaintiff to amend his complaint to avoid dismissal. *See, e.g.*, *Tingler v. Marshall*, 716 F.2d 1109, 1111–12 (6th Cir.1983) (holding that district court may not dismiss a plaintiff's suit *sua sponte* unless the court first gives the plaintiff the opportunity to amend or correct the deficiencies in the complaint, and recognizing that *sua sponte* dismissals "are not favored because they are unfair to the litigants and ultimately waste, rather than save judicial resources").

In the context of the initial review required by the PLRA, 28 U.S.C. § 1915(e)(2), however, *Tingler* was overruled by *McGore v. Wrigglesworth,* 114 F.3d 601, 612 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *see Andreano v. City of Westlake*, 136 F. App'x 865, 873 n.[unnumbered] (6th Cir. 2005) (noting that "*Tingler* was overruled by the Prison Litigation Act, 28 U.S.C. § 1915(e)(2)(B), only insofar as it relates to prisoner suits"). In *McGore*, the Sixth Circuit held that the district courts are required to dismiss a case whenever it appears that the action is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from monetary relief. The court emphasized that under its reading of the PLRA, "courts *have no discretion* in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal. If a complaint falls within the requirements of § 1915(e)(2) when filed, the district court should *sua sponte* dismiss the complaint." *Id.* (emphasis added).

In the present case, the defendant has failed to state a claim upon which relief may be granted as to the defendants named in the complaint. Therefore, the Complaint will be dismissed without prejudice.

**III.     CONCLUSION**

An order will enter dismissing the complaint without prejudice.

_____
Todd Campbell
United States District Judge